Paul A. Brisso, CSB# 81593
William F. Mitchell, CSB #159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
(707) 443-5643

Mr. Darryl Hamm, CSB#139576
University Counsel
THE CALIFORNIA STATE UNIVERSITY
401 Golden Shore, 4th Floor
Long Beach, CA 90802-4210
562-951-4500

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. GIOVANNETTI, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (HUMBOLDT STATE UNIVERSITY), a public entity.<br><br>    Defendants. | Case No.: C 04-5514 **NJV**<br><br>HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE<br><br>Trial Date: March 26th, 2007 |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

1. <u>**MOTION TO EXCLUDE EVIDENCE OF ALL ACTS OF PURPORTED DISCRIMINATION OR RETALIATION PRE-DATING THE MAY, 2003, SETTLEMENT AND RELEASE AGREEMENT**</u>

## ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct plaintiff, his attorneys (if any), and his witnesses not to attempt to introduce any evidence, testimony, argument or documents purportedly related to any harassment, retaliation, or discrimination, on or before the Settlement and Release Agreement in *Dupris, Giovannetti and Hill vs. California State University, et al.,* i.e., May 15, 2003.

## BASIS FOR MOTION

In September, 2001, Giovannetti and two non-tenured Native American faculty members (Joseph Dupris and Kathleen Hill) filed suit against the University and several University officials, including the (former) President of HSU, a Dean (Karen Carlton), and the Director for Indian Community Development at HSU (Lois Risling) (both Carlton and Risling are of Native American descent). The complaint alleged that the University and the other defendants subjected Giovannetti and the others to a multitude of discriminatory, retaliatory, and harassing actions because of their status as Native Americans, and because they filed EEOC Complaints.

Following dismissal of some of the claims, the parties eventually agreed to a settlement, and a Settlement and Release Agreement was executed on May 15, 2003. (See Declaration of William F. Mitchell in support of Motion for Summary Judgment, Exhibit B.)

The parties mutually agreed that the settlement "extended to all claims of every nature and kind against all parties to this Agreement, known and unknown, suspected or unsuspected, vested or contingent, past, present and future occurring before the execution of this Agreement, further set forth in a pleading, charge or complaint, referred to herein or not, and that any and all rights granted under 1542 of the California Civil Code or any

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

analogous state law or federal law or regulation ARE HEREBY EXPRESSLY WAIVED." An Order of Dismissal, with prejudice, was thereafter entered on June 30, 2003.

By the express terms of the Settlement and Release, plaintiff is barred from attempting to introduce any evidence or argument concerning purported discrimination, retaliation, or harassment by the University and/or any University official, which occurred before May 15, 2003.

2. <u>MOTION TO EXCLUDE ANY EVIDENCE PURPORTING TO ESTABLISH THAT PLAINTIFF WAS HARASSED BECAUSE OF HIS STATUS AS A NATIVE AMERICAN</u>

ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct the plaintiff, his attorneys (if any), and his witnesses not to attempt to introduce any evidence, testimony, argument, or documents purporting to establish that plaintiff was a victim of harassment because of his status as a Native American.

This motion includes, but is not limited to, the following alleged statements:

- A comment allegedly made by HSU employee Lois Risling in May of 1998, wherein Ms. Risling stated that "right makes right" while discussing the invitation of American Indian professors to speak at HSU's campus;

- Purported comments made by HSU President Rollin Richard in a 2004 meeting with Native American students and their advisors that "non-Native professors can teach NAS courses maybe even better than native teachers";

- Remarks attributed to Professor Michael Goodman of HSU, that (1) Dr. Sherman, a Native American candidate, was a "demigod" and "nothing but

2

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

a storyteller;" and (2) that "whoever gets hired into NAS [by a search committee] sure isn't going to get tenure as a result of a lawsuit;"

- A statement attributed to Dean Carlton of HSU that "anyone can teach NAS, all they need are books;"

## BASIS FOR MOTION

Plaintiff's complaint also asserts a claim that he was a victim of harassment and a hostile work environment because of his status as a Native American, in violation of Title VII and analogous FEHA provisions. The Court has concluded that <u>none</u> of the above alleged statements – in whole or in part – even if accepted as true, were sufficiently severe or persuasive to violation Title VII or FEHA. (Order Granting Summary Judgment in Part and Deny Summary Judgment in Part ("Order") pp. 8-11.)

As pointed out in the Court's Order, the statement attributed to Risling is also barred because it predates the Settlement and Release Agreement in the previous lawsuit. In addition, as noted by the Court in its Order, the statements are excludable and cannot amount to harassment because they were not made directly to the plaintiff.

Finally, because the reported statements do not constitute harassment as a matter of law, they are also inadmissible if offered in support of plaintiff's retaliation claim. (Order, p. 13:14-15.)

3. <u>MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE PURPORTED REMOVAL OF OFFICE SPACE THAT HAD BEEN ALLOCATED FOR THE NASD</u>

## ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct the plaintiff, his attorneys (if any), and his witnesses not to attempt to introduce any evidence, testimony, argument or documents regarding the removal of office space that had been allocated for the NASD.

BASIS FOR MOTION

Plaintiff also asserts that the purported removal of office space previously allocated to the NASD was an act of discrimination, harassment and retaliation. As discussed above, since plaintiff's claims for harassment and discrimination have been disposed of, the office space issue cannot be offered to support either of these claims. In addition, the Court has ruled that no claim of retaliation can be based on the removal of NASD office space as a matter of law. (Order, p. 13:15-23.) In support of its motion for summary judgment, HSU submitted evidence demonstrating that the office space in which NASD resides has, since its inception in 1991, been set aside for non-academic programs. Since the NASD did not exist in 1991, it has only been given space afterwards, none of which has been removed, and which is now mirrored in current plans. Therefore, plaintiff cannot establish any kind of causal link between his protected activity and any decision to remove office space, since such decision never in fact occurred. (*Id*., p. 13:20-23.)

Accordingly, plaintiff is barred from presenting any evidence or argument concerning the purported removal of NASD office space.

4. MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE CONCERNING THE "COMPUTER PORNOGRAPHY" ISSUE

ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct the plaintiff, his attorneys (if any), and his witnesses not to attempt to introduce any evidence, testimony, argument or documents relating in any way to pornographic material found on the computer of an HSU employee.

BASIS FOR MOTION

In opposition to HSU's motion for summary judgment, plaintiff proffered evidence that a computer used by an un-named associate dean at HSU was found to have pornographic material on its hard drive. Plaintiff argued that, because the individual was

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

not disciplined, this constituted evidence of disparate treatment, in support of his claim for race discrimination.

First of all, as discussed above, the evidence should be excluded because plaintiff's claim for race discrimination has been dismissed. Therefore, the evidence is completely irrelevant.

In addition, the Court addressed this evidence in its order granting, in part, summary judgment, and concluded that the issue was "off-point," because plaintiff offered no evidence that the unnamed dean's viewing of inappropriate material can be viewed as sufficiently similar to plaintiff's situation such that the two can be compared for purposes of proving disparate treatment, and in addition, found that the evidence was of no probative value because plaintiff failed to produce any evidence as to whether or not that the dean was over-disciplined, or what form the discipline took. (Order, p. 7:2-5.)

5. <u>MOTION TO EXCLUDE ANY CLAIM THAT HSU'S FACULTY HIRING DECISIONS FOR THE NASD IN THE FALL OF 2003 WERE DISCRIMINATORY</u>

### ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct plaintiff, his attorneys (if any), and his witnesses not to introduce any evidence, testimony, argumnet or documents offered to support a claim that the failure to hire professors Sherman and Lane to teach in the NAS Department in the fall of 2003 was discriminatory.

### BASIS FOR MOTION

A major component of plaintiff's complaint is the claim that HSU engaged in "discriminatory hiring practices" when it used existing (and purportedly non-Native American) faculty to teach NASD courses in the fall of 2003, rather than hire professors Lane and Sherman, who were recommended by the search committee.

This evidence should be excluded for several reasons. First, plaintiff has no standing to assert a discriminatory hiring claim on behalf of Lane and Sherman. *See*, *Elk Grove Unified School Dist. v. Newdow*, 543 U.S. 1 2004 (to establish Article III standing, the claim asserted must be for an injury to plaintiff's own legal rights and interests, rather than legal rights or interests of third parties); *Chavez v. Temple Union High*, 565 F.2d 108, 1094, fn. 10 (9th Cir. 1997) (a party who has been hired by the defendant has no standing to assert a Title VII claim that the employer maintains discriminatory hiring practices); *Mixon v. Gray Drugstores, Inc.*, 81 F.R.D. 413, 414 (N.D. Ohio 1978) (*Id.*); *Freeman v. Motor Convoy, Inc.*, 409 F.Supp. 1100, 1113 (N.D. Al. 1976).

Second, because the Court has granted summary judgment with respect to plaintiff's claim for racial discrimination, evidence of supposedly discriminatory hiring practices should be excluded as irrelevant. The only claims surviving summary judgment are for retaliation, and plaintiff's "hiring discrimination" claim was eliminated. (See Order, pp. 12-13.)

Third, litigation of whether or not the failure to hire Lane and Sherman constituted employment discrimination is a "case within a case" which would require a substantial diversion of additional judicial time and resources, and should therefore be excluded pursuant to Federal Evidence Rules 401 and 402.

6. **MOTION TO EXCLUDE ANY CLAIM OR EVIDENCE THAT PLAINTIFF WAS DISCRIMINATED AGAINST BECAUSE HE IS A NATIVE AMERICAN**

ORDER REQUESTED

Humboldt State University moves this Court in limine for an order to instruct plaintiff, his attorneys (if any), and his witnesses, not to attempt to introduce any claim, evidence, or argument purporting to establish racial animus on the part of defendant HSU, its officials, or its employees.

BASIS FOR MOTION

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

The Court has granted the University summary judgment on plaintiff's claim that he was discriminated against because he was a Native American, in violation with Title VII and California's Fair Employment and Housing Act. Plaintiff asserted that HSU discriminated against him by (1) removing his as Chair of the Native American Studies Department; (2) refusing to hire qualified American Indian candidates he had recommended for the NASD, instead hiring less qualified white candidates; (3) reducing the faculty in the NASD and cancelling courses, including those taught by plaintiff; and (4) reducing the physical office space for the NASD.

The Court concluded that plaintiff failed to meet his burden of proof in establishing a prima facie case in support of race discrimination. Specially, the Court held that plaintiff failed to introduce any evidence, aside from his own statements contained in his declaration, that might prove that his job performance met HSU's legitimate expectations, and failed to establish either that other employees with qualifications similar to his own were treated more favorably, or that HSU's action in terminating him as Chair otherwise occurred under circumstances suggesting a discriminatory motive. (Order, pp. 3-8.)

Moreover, the Court held that "even if the Court *were* to presume that Giovannetti had established a prima facie case, the above evidence would still serve to satisfy HSU's burden to articulate a legitimate, nondiscriminatory reason for its decision to remove Giovannetti as chair- namely, by establishing that Giovannetti was performing unsatisfactorily as chair." (Order, p. 7:12-15.)

Because plaintiff's claim for racial discrimination was disposed of on summary judgment, plaintiff is now barred from introducing an claim, evidence, or argument purporting to establish racial animous on the part of HSU, its officials, or employees.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

7. MOTION TO LIMIT PLAINTIFF'S CLAIMS TO THOSE SURVIVING THE MOTION FOR SUMMARY JUDGMENT

ORDER REQUESTED

Humboldt State University moves this Court in limine for an order precluding plaintiff from offering any evidence or argument in support of any claim outside of the retaliation claims identified in the Court's Order Granting Summary Judgment in Part and Denying Summary Judgment in Part.

BASIS FOR MOTION

The Court's Order identifies four discreet retaliation claims the survived summary judgment: (1) cancellation of under-enrolled NAS courses in the fall of 2003; (2) Dean Carton's negative performance evaluation; (3) "engaging in disputes with Giovannetti over administrative issues, i.e., Dean Snyder's August 6, 2004, memo;" and (4) plaintiff's removal as Chair of the NAS Department. (Order, p. 12:10-15.)

The Court has also limited plaintiff's "protected activity" to the following: (1) plaintiff's e-mail to President Richmond dated August 5, 2003, in which Giovannetti asserted that HSU's refusal to hire his two faculty recommendations was discriminatory; (2) Giovannetti's filing of the discrimination charge with the EEOC dated August 27, 2003; and (3) Giovannetti's Amended EEOC filing dated August 18, 2004. (*Id.*, p. 12:6-10.)

Based on the law of the case doctrine, plaintiff should be precluded from advancing any claim outside of those identified by the Court's Order as surviving summary judgment.[1]

Dated: January , 2007    MITCHELL, BRISSO, DELANEY & VRIEZE

---

[1] Plaintiff's (new) counsel has withdrawn the state-law claim for "failure to prevent discrimination."

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE

|     |     |
| --- | --- |
| 1   |     |
| 2   | By: _____ |
| 3   | Paul A. Brisso |
|     | William F. Mitchell |
| 4   | Attorneys for Defendant |
|     | Humboldt State University |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

HUMBOLDT STATE UNIVERSITY'S MOTIONS IN LIMINE